**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2873-18T3

DEIRDRE BREITHAUPT,

    Plaintiff-Appellant,

v.

JERRY EISENSTEIN,

    Defendant-Respondent.

_____

Submitted February 24, 2020 – Decided March 16, 2020

Before Judges Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FD-12-0749-18.

Deirdre Breithaupt, appellant pro se.

Jerry Eisenstein, respondent pro se.

PER CURIAM

Plaintiff Deirdre Breithaupt appeals from a December 5, 2018 order that waived interest charged against defendant Jerry Eisenstein and reduced the

weekly amount he was required to pay toward his child support arrears. The trial court entered a judgment on February 26, 1997, whereby plaintiff retained sole custody of the parties' child, and defendant became obligated to pay child support under the terms of the judgment. After reviewing the record, and in light of the governing legal principles, we affirm.

## I.

In September of 1993, plaintiff and defendant had a child, S.L.B.[1] The parties were never married. On February 26, 1997, the trial court entered a judgment concerning custody, child support, and other issues. The order granted plaintiff "sole and exclusive legal and residential custody of [S.L.B.]" and required that defendant pay weekly child support of $160 for S.L.B.'s support and maintenance "until further [o]rder of this [c]ourt or until [S.L.B.'s] emancipation." The support obligation was retroactive to October 15, 1993. The order also mandated that defendant "pay arrearages, plus interest in accordance with [Rule] 4:42-11, as follows: [$2500] within thirty . . . days of January 31, 1997 and $50[] per week thereafter."

On October 9, 2002, the judgment was registered in the State of New York. In October 2008, defendant was incarcerated after he fell behind on the

---

[1] We use initials to protect the privacy of the child and for ease of reference.

child support payments. Upon his release, he was unable to find work and began living on social security. On January 20, 2009, a New York family court ordered that defendant pay plaintiff $97,412.27 in arrears plus costs and disbursements. On February 1, 2011, the trial court entered an order that relinquished jurisdiction of the case to New York, based on plaintiff's consenting to the same on February 10, 2003. However, the matter was dismissed in New York on September 11, 2014, after the New York family court found that defendant no longer lived in New York.

Defendant sought to modify his child support obligation, but the trial court denied his application on January 21, 2016 because S.L.B. was "attending school full time." On December 9, 2016, S.L.B. became emancipated.

On June 12, 2018, defendant filed an application for a downward modification of the 1997 order, seeking to modify his arrears and to have any accrued interest waived. After unsuccessfully petitioning the Probation Division for this relief, defendant applied to the trial court for the same relief. The parties appeared before the motion judge on October 30, 2018.

On December 5, 2018, the motion judge entered an order waiving $81,930.28 in interest charged to defendant by the State of New York. The order also directed defendant to pay $32,670.70 in arrears in weekly payments of $50

3

until the balance was paid. On July 2, 2019, the motion judge issued an amplification of the December 5, 2018 order. The judge explained that as of the return date of defendant's application for a downward modification, he had found defendant's total arrears to be $163,332.27, which consisted of $97,412.27 from the January 2009 order and $65,920 in support payments owed from January 21, 2009 through December 9, 2016, the date of S.L.B.'s emancipation. The judge found that defendant had paid $130,661.57 toward this balance. The judge noted that plaintiff argued that defendant's accrued interest at this time should be $81,930.28, but the judge explained that "any interest can only be calculated after a warrant of satisfaction is provided. This has not occurred and thus any assessment of interest would be improper."

The judge also found that plaintiff had not shown good cause that would warrant assessing interest payments, in light of the following:

> Defendant receives social security, does not own any real estate, does not possess any retirement plans, and submits that his only asset is a vehicle worth [$5000] . . . . Defendant is disabled and is unable to work. In 2008, [defendant] was incarcerated for six . . . months at the age of [sixty-two] for his inability to pay child support. He was hospitalized throughout the entirety of his incarceration due to complications stemming from his numerous health ailments. Upon his release, he was unable to find employment, which in turn affected his ability to timely pay his future obligations, allowing interest to accrue. Defendant is now [seventy-three]

4

years old and continues to suffer from numerous health ailments.

The judge considered that defendant's monthly social security income after deductions for support payments was only $698.20, while his monthly income absent the support payments would be $2106. The judge also highlighted that defendant testified to monthly expenses of $1800,[2] defendant's only source of income is social security, and defendant claims he has never met his daughter, who is now emancipated. The judge contrasted defendant's situation with that of plaintiff, finding no "similar claims of financial hardship," as she "has been a federal government employee earning in excess of $100,000 annually." The judge thus concluded that "even if any judgment were satisfied, any assessment of post-judgment interest is not warranted."

In reducing defendant's weekly payments, the judge found that

> [d]efendant has made a showing of a change in circumstances by showing the extent of his disability with substantial medical records and his resulting loss of income. Defendant is [seventy-three] years old and suffers from a variety of health ailments including Type I diabetes, retinopathy (eye disease), [and] neuropathy (nerve disease). Such ailments cause him to experience decreased vision, shakiness, and fatigue.

---

[2] These expenses include "rent, renter's insurance, repair costs, phone bill, food, laundry, clothing, health insurance, automobile insurance and expenses, and internet service."

The judge concluded that based on defendant's limited income, as well as his medical ailments, "a decrease in [defendant's] weekly arrears payments was warranted." This appeal ensued.

On appeal, plaintiff raises the following arguments:

I.  THE TRIAL COURT FAILED TO PROVIDE A FACTUAL BASIS FOR ITS DECISION THAT CHILD SUPPORT MONEY JUDGMENT ARREARAGE INTEREST WAS INAPPLICABLE AND CORRELATE IT WITH RELEVANT LEGAL CONCLUSIONS[.] (NOT RAISED BELOW).

II. THE TRIAL COURT FAILED TO PROVIDE A FACTUAL BASIS FOR ITS DECISION TO REDUCE PAYMENT AMOUNT WITHOUT A NEW CHANGE IN CIRCUMSTANCES AND CONSIDER THE NEW LAW REQUIREMENTS RELATING TO CHILD SUPPORT PAYMENTS FOLLOWING EMANCIPATION[.] (NOT RAISED BELOW).

Plaintiff requests that this court reverse and remand the matter to the trial court for a determination as to the correct monthly payment to be paid by defendant toward arrears and the total arrears and interest owed.

II.

Our review of a Family Part judge's factual findings is limited. N.J. Div. of Youth & Family Servs. v. I.H.C., 415 N.J. Super. 551, 577 (App. Div. 2010) (citing Cesare v. Cesare, 154 N.J. 394, 412-13 (1998)). These findings "are binding on appeal when supported by adequate, substantial, credible evidence."

6

Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). "Deference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" Id. at 412 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). We will only reverse if the trial judge's findings were "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Rova Farms, 65 N.J. at 484 (quoting Fagliarone v. Township of North Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). However, we give no deference to a trial court's interpretation of the law. N.J. Div. of Youth & Family Servs. v. R.L., 388 N.J. Super. 81, 89 (App. Div. 2006) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

## III.

Plaintiff first argues that the motion judge erred by waiving the $81,930.28 owed by defendant for outstanding interest. Plaintiff relies on our decision in Pryce v. Scharff, 384 N.J. Super. 197 (App. Div. 2006), arguing that the court was required to impose such interest. We disagree.

In Pryce, we considered whether the plaintiff was "entitled to an order adding post-judgment interest to [the] defendant's Probation-enforced child

support account." Id. at 202. We held that the New Jersey Department of Human Services calculates post-judgment interest at the time of execution or satisfaction of a child support judgment. Id. at 215. In response to Pryce, our Judiciary issued Administrative Directive #24-19, "Child Support Enforcement – Calculation of Interest on Child Support" (Dec. 2, 2019) (the Directive):

> When the obligor pays the full arrears, such payment shall be accepted and posted immediately. After receipt of the obligor's full arrears payment and request for a warrant of satisfaction, the warrant of satisfaction shall be provided to the judgment creditor[] . . . and the judgment creditor shall be informed of the right to post-judgment interest. The parties may agree on an interest calculation or may agree to waive or compromise such interest in a warrant of satisfaction.

Here, we find that the motion judge's decision to waive defendant's interest was both legally sound and based on ample credible evidence in the record. See Cesare, 154 N.J. at 411-12; Rova Farms, 65 N.J. at 484. Our holding in Pryce is clear that post-judgment interest is determined "at the time of execution or satisfaction." Pryce, 384 N.J. Super. at 215 ("[W]hen an obligor seeks a warrant to satisfy a judgment which is part of a Probation-administered child support account, Probation must calculate any post-judgment interest and ensure that the obligor pays the interest before the warrant of satisfaction is issued."). The Directive expressly adopted this policy. See Administrative

Directive #24-19. As the judge correctly found, because no judgment of satisfaction has been requested or issued, any award of post-judgment interest would be premature. Thus, we affirm the motion judge's holding that plaintiff is not entitled to post-judgment interest at this time.[3]

Next, plaintiff contends that the motion judge erred by reducing the amount of defendant's weekly payments toward satisfying his arrears. Plaintiff argues that such relief contravenes N.J.S.A. 2A:17-56.69, which mandates that when child support obligations are terminated upon a child's emancipation, "any arrearages that have accrued prior to the date of the termination shall remain due and enforceable." Because the judge reduced the amount of the weekly payments without reducing the amount of the judgment, the judge's decision did not run afoul of this statute.

In that regard, the motion judge's finding of changed circumstances is well supported by the evidence, which shows that defendant is of advanced age, he relies on social security as his sole source of income, and he suffers from several medical ailments "including Type I diabetes, retinopathy (eye disease), [and]

---

[3] We need not address the motion judge's holding that defendant's interest payments should be waived based on defendant's change in circumstances. A reviewing judge may determine this issue at the time a judgment of satisfaction is executed.

A-2873-18T3

neuropathy (nerve disease)" that "cause him to experience decreased vision, shakiness, and fatigue." We find that the judge had a sufficient basis to decrease defendant's weekly support payments in light of the gap between his low income and his monthly expenses. See Lepis v. Lepis, 83 N.J. 139, 149-52 (1980). As the motion judge made clear that defendant must still pay the remaining $32,670.70 in arrears, there is no discernible prejudice to plaintiff. See ibid.

To the extent that we have not addressed any of plaintiff's remaining arguments, we conclude that they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-2873-18T3